**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

HENRY REAVES and NEVA REAVES,
on behalf of their minor children, HR-14,
HR-12, and WR-16,

      Plaintiffs,

v.                                                                    Case No. 2:25-cv-02625-MSN-tmp

LAUSANNE COLLEGIATE SCHOOL,
STUART DUNSTER individually and
in his official capacity,

      Defendants.

---

**ORDER OF DISMISSAL**

---

On June 19, 2025, Plaintiffs filed their Complaint. (ECF No. 1.) On November 25, 2025, Defendants filed their Motion to Dismiss (ECF No. 12), arguing insufficient service of process. (ECF No. 10.) Plaintiffs never responded to the Motion to Dismiss, nor have any other filings been made in this case. On March 18, 2026, this court entered an Order to Show Cause, directing that Plaintiffs show cause within seven days "why this matter should not be dismissed for failure to timely serve Defendants and for failure to prosecute," and warning that a failure to respond would result in dismissal "without further notice." (ECF No. 13 at PageID 35.) Plaintiffs have not responded.

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue,

or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

"Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action, district courts consider several factors, including the following:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Weighing the factors in this matter, dismissal is appropriate. First, Plaintiffs' failure is due to willfulness, bad faith, or fault. Second, Plaintiffs were expressly warned that failure to respond would result in dismissal of this matter. Third, under the circumstances, other less drastic sanctions are unlikely to be effective and are therefore not appropriate. Although Defendant may not be prejudiced by Plaintiffs' conduct, that weighs only slightly against dismissal. Overall, the balance of the factors in this case favors dismissal.

Accordingly, this matter is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute. Judgment will be entered accordingly.

**IT IS SO ORDERED**, this 1st day of April, 2026.

_s/ Mark S. Norris_ _____

MARK S. NORRIS
UNITED STATES DISTRICT JUDGE